UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

J.D. CHIN,

        Plaintiff,

    v.

WAL-MART STORES, INC.,

        Defendant.

Case No. 14-cv-02538-TEH

**ORDER IMPOSING MONETARY SANCTIONS**

Finding good cause as provided below, the Court hereby imposes monetary sanctions upon Attorney Arkady Itkin in the amount of $150 to be paid into the Court on or before November 3, 2014.

**BACKGROUND**

On September 5, 2014, the parties in this case were provided with a Clerk's Notice informing them that the initial Case Management Conference ("CMC") previously scheduled for September 15, 2014, had been continued to September 29, 2014, at 1:30 PM in Courtroom 12. (Docket No. 19). The parties' Joint Case Management Conference Statement was filed on September 19, 2014, and acknowledges this date, time, and location for the Case Management Conference. (Docket No. 20). Nonetheless, without providing any notice or explanation to the Court, Plaintiff's counsel, Arkady Itkin, failed to attend the CMC. Consequently, on September 30, 2014, the Court issued an Order for Mr. Itkin to appear in court and show cause for why sanctions should not issue for his failure to appear. (Docket No. 24). The Order to Show Cause ("OSC") also required Mr. Itkin to file a written response before the Hearing, which he did on October 14. (Docket No. 26).

On October 16, Mr. Itkin requested this Court to continue the OSC Hearing set for October 27, citing a scheduling conflict with a mandatory settlement conference in another matter. (Docket No. 27). This request was denied. (Docket No. 28). Mr. Itkin

subsequently requested permission to appear at the OSC Hearing by telephone, despite the fact that the OSC explicitly stated that telephonic appearances would not be allowed. (Docket No. 29). This request was similarly denied. (Docket No. 30). Since issuing the original OSC, the Court's Deputy has received multiple phone calls from Mr. Itkin, some explicitly questioning the decisions and authority of the Court and insinuating that Mr. Itkin would not appear at the OSC Hearing despite the Court's Orders. Nonetheless, on October 27, 2014, Mr. Itkin appeared before the Court to provide an explanation for his behavior.

**LEGAL STANDARD**

The Civil Local Rules for the Northern District of California provides for the sanctioning of attorneys for violations of the local rules. Civil L.R. 1-4. In relevant part, the Rules require that, "[u]nless excused by the Judge, lead trial counsel for each party must attend the initial Case Management Conference." Civil L.R. 16-10(a). Further, the Standards of Professional Conduct section of the Local Rules states that attorneys must comply with the Local Rules, maintain the respect due to the Court and its judicial officers, and practice with the honesty, care, and decorum required for the fair and efficient administration of justice. Civil L.R. 11-4.

The Court may also impose monetary sanctions under its inherent power to "police itself." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). To deter abuse of the judicial process, a court may impose monetary sanctions "for the willful disobedience of a court order." *Id.* at 45 (internal quotation marks omitted). Additionally, "a court may assess attorneys' fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45-46 (internal quotation marks omitted). "As long as a party receives an appropriate hearing . . . the party may be sanctioned for abuses of process occurring beyond the courtroom . . . ." *Id.* at 57. To award sanctions under its inherent powers, the court must "specifically find[] bad faith or conduct tantamount to bad faith. Sanctions are available for a variety of types of willful actions, including recklessness

when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

Finally, a Court can issue sanctions under Federal Rule of Civil Procedure 11(b) where an attorney has submitted motions or other papers that are submitted for any improper purpose, such as to harass or cause unnecessary delay. Such a sanction can include nonmonetary directives, an order to pay a penalty into the Court, or attorneys' fees. Fed. R. Civ. P. 11(c)(4). If imposed on the Court's initiative, the Court must order the attorney to show cause why conduct specifically described in the order has not violated this Rule. Fed. R. Civ. P. 11(c)(3).

**DISCUSSION**

In failing to appear at the initial Case Management Conference held on September 29, 2014, Mr. Itkin was in clear violation of the Civil Local Rules for the Northern District of California. *See* Civil L.R. 16-10(a) (requiring lead trial counsel to attend the initial CMC, absent excuse from the Court). Additionally, Mr. Itkin's subsequent correspondence with this Court, including multiple phone calls and at least one frivolous filing for a telephonic appearance, has fallen below the required Standards of Professional Conduct for practice in this District. *See* Civil L.R. 11-4 (requiring attorneys to maintain the respect due to the Court and its judicial officers, and to practice with the honesty, care, and decorum required for the fair and efficient administration of justice). As such, this Court is within its authority to sanction Mr. Itkin pursuant to the Local Rules. *See* Civil L.R. 1-4 (providing sanctions for failure to comply with the Local Rules).

The Court finds additional authority to sanction Mr. Itkin in its inherent authority to police itself, ensure the efficient administration of justice, and deter abuse of the judicial process as provided in *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), and its progeny. Mr. Itkin's behavior, especially that undertaken during conversations with the Court's deputy, is tantamount to bad faith. On multiple occasions, Mr. Itkin has questioned this Court's decisions, asked whether he could speak with someone that has authority over the

1 Court, and insinuated that he would not follow the Court's order to appear and show cause.
2 This reckless, frivolous, and harassing conduct has taxed the Court's time and patience,
3 and justifies the imposition of a modest monetary sanction aimed to deter such impropriety
4 in the future.

Finally, the Court has authority to sanction Mr. Itkin under Federal Rule of Civil Procedure 11 for submitting a request to appear by telephone despite the OSC's specific foreclosure of such an appearance, as well as a denial of this request by telephone. Coupled with Mr. Itkin's other behavior, the Court would be reasonable in finding that this request was filed for an improper purpose, such as to harass or cause unnecessary delay. Fed. R. Civ. P. 11(b)(1). As required by this Rule, after receiving Mr. Itkin's written and oral response to the OSC, the Court has provided Mr. Itkin sufficient due process before ordering him to pay a penalty into the Court. Fed. R. Civ. P. 11(c)(3)-(4).

**CONCLUSION**

Having considered Mr. Itkin's written and oral response to the Order to Show Cause, it is hereby ORDERED that Mr. Itkin shall pay into the Court monetary sanctions in the amount of $150 on or before November 3, 2014.

**IT IS SO ORDERED.**

Dated: 10/27/14                    _____
                                   THELTON E. HENDERSON
                                   United States District Judge

4